IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| FREDDIE SHAWN PHILLIPS, | ) | |
|     Petitioner, | ) | Case No. 7:20cv00108 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| HAROLD CLARKE, | ) | By: Michael F. Urbanski |
|     Respondent. | ) | Chief United States District Judge |

Freddie Shawn Phillips, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 2007 Tazewell County Circuit Court conviction for aggravated sexual battery, for which he received a sentence of twenty years with thirteen years, eight months suspended, conditioned on ninety-nine years supervised probation.[1] The respondent has filed a motion to dismiss, alleging that the petition is untimely. After reviewing the record, the court concludes that respondent's motion must be granted, and Phillips' petition must be dismissed as time barred.

I.

On November 14, 2006, a Tazewell County grand jury indicted Phillips for aggravated sexual battery in violation of Va. Code § 18.2-67.3, inanimate object penetration in violation of Va. Code § 18.2-67.2, and indecent liberties with a minor by a person in a custodial or supervisory relationship in violation of Va. Code § 18.2-370.1(vi). The offenses were alleged to have occurred "on or about January 1, 2006 through July 31, 2006" against

---

[1] Phillips is currently serving four years, eight months for his third probation violation since his release from the initial term of imprisonment.

V.E.S., then eight years old.  Indictment, Br. in Supp. of Mot. to Dismiss, Ex. B, ECF No. 31-2.

Because Phillips entered a plea agreement and pled guilty to a single charge, and no summary of facts from the plea hearing is available because the tapes were too degraded to transcribe, a very brief summary of the underlying facts of the case is taken from the information in the sealed presentence investigation report prepared before Phillips was sentenced.[2] In October 2006, law enforcement officers received a phone call from the father of V.E.S., who advised that V.E.S. complained that her mother's ex-boyfriend, Phillips, had touched her private parts and hurt her three separate times, including after they returned home from a camping trip that summer (2006).  While the child was visiting with her father for a few weeks, Phillips called the father's home to speak to V.E.S.  Phillips told her father that he wanted to apologize to V.E.S. for some things, and her father allowed her to speak to Phillips on the phone. After the call ended, her father asked what Phillips had apologized for. With some hesitancy, V.E.S. provided details to her father about being molested by Phillips.

Over the next few days, detectives and social workers interviewed V.E.S., her father, her mother, and Phillips. Although the mother had a hard time believing that Phillips had done this, her information corroborated many of the collateral details provided by V.E.S.

---

[2] Phillips has filed an amended motion for discovery regarding the transcripts of the guilty plea and sentencing hearings, asserting that the transcripts are necessary to resolution of this case, and arguing that their absence should result in granting his petition.  After reviewing the file materials from the state court, including the plea agreement and the written form acknowledging his rights, the court determines that the transcripts are not essential to resolution of the petition.  Even if they were necessary, their unavailability is a direct result of Phillips waiting so long to challenge his conviction, and any burden created by their absence would fall on the petitioner.  Given the court's decision on the motion to dismiss, the amended motion for discovery (ECF No. 40) is also denied.

Phillips initially denied any wrongdoing, stressing that he had been taking care of V.E.S. since she was two years old and loved her like his own daughter. He explained that he asked permission from V.E.S.' mother to call V.E.S. at her father's home by saying that he wanted to apologize to V.E.S. that he wouldn't be there for her anymore and let her know that the break-up was not her fault, but denied that he ever made the phone call. He also suggested that V.E.S.'s father was behind the false allegations, because he had been trying to get custody of the children and stop paying child support. Phillips further claimed that V.E.S. had been previously molested by her father's ex-wife's son. Phillips agreed to take a polygraph test.

On November 13, 2006, Phillips gave a verbal statement, admitting that he had touched V.E.S. inappropriately one time. He, her mother, and V.E.S. had been sleeping in the same bed. He woke up in the middle of the night and began touching V.E.S., thinking that it was her mother, his girlfriend. He felt badly that this had happened because he had been abused when he was a child, and he did not want to harm her ever. He refused to sign the statement written up from the interview but acknowledged that it was what he had said. After the polygraph, when told that he had failed, he became angry and again denied that he had done anything wrong.

On April 17, 2007, Phillips signed a written plea agreement. Plea Agreement, Br. in Supp. of Mot to Dismiss, Ex. D, ECF No. 31-4. The agreement called for a plea of guilty to the aggravated sexual battery charge, and the Commonwealth agreed to *nolle prosequi* the remaining two charges. The written agreement included the standard colloquy advisements, including that a plea waived his right to a jury trial and his right to appeal on most issues,

that his attorney had fully explained the effects of the agreement, and that he entered the agreement freely and voluntarily. The trial court accepted his plea and referred the matter for preparation of a presentencing report. During preparation of the report, Phillips told the probation officer that he had touched V.E.S. only one time and apologized that it happened.

After consideration of the presentence report, victim impact statements, sex offender risk assessment, and arguments of counsel at a hearing on December 5, 2007, the court sentenced Phillips to twenty years in prison but suspended thirteen years, eight months of the sentence, conditioned on supervised probation for ninety-nine years. The final judgment order was entered December 18, 2007. Phillips did not appeal, nor did he ever file a habeas corpus petition in state court.

Phillips served his initial active sentence of six years, four months, and was released on supervision. He returned to court for a probation violation hearing on February 7, 2018, where he was found in violation, but the court re-suspended the balance of his sentence. On June 6, 2018, he returned to court for a second probation violation; this time, the court imposed a one-year sentence, re-suspending the remaining 12 years, 8 months. On March 5, 2020, he was violated for absconding from supervision, getting two convictions for failure to register as a sex offender, and failing to report for a polygraph test as instructed by his probation officer. The trial court imposed a sentence of four years, eight months, re-suspending the balance of eight years.

After his third probation violation, Phillips filed the current § 2254 petition, challenging his conviction and judgment order entered December 18, 2007, although he has never filed a state habeas petition in this matter. His petition raises the following claims:

4

(1) That he is actually innocent of the charge, because he can prove he was incarcerated in the Tazewell Regional Jail from November 28, 2005, through January 4, 2006, and in the Abingdon Regional Jail from January 4, 2006, through February 28, 2006.

(2) That his due process rights were violated by the sentencing judge's conflict of interest, in that she had sentenced Phillips previously as a juvenile.

(3) That his attorney withheld valuable information from him, such as the lack of physical evidence or DNA to connect him to the crime.

(4) Ineffective assistance of counsel in that withholding valuable information left Phillips without sufficient information to make a knowing and voluntary decision about whether to take the plea agreement.

## II.

Under 28 U.S.C. § 2244(d)(1), a petitioner has one year in which to file a federal habeas corpus petition. The statute of limitations runs from the latest of:

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The judgment order in Phillips' case, entered December 18, 2007, became final on January 17, 2008, when the time for appealing the judgment expired. The one-year statute of limitations began on that date and ended on January 17, 2009. This petition, purportedly placed in the prison mail system on February 5, 2020, was filed eleven years after the statute of limitations expired. Therefore, under subsection (A), the case is time-barred.

Phillips has not alleged that the government created an impediment to his assertion of his rights, nor does he raise an issue that has been newly recognized by the Supreme Court. Accordingly, subsections (B) and (C) do not apply to this case.

If the court is to consider Phillips' petition timely, it must be under subsection (D), that he has discovered new facts to support the habeas claims which he did not previously know and could not have "discovered through the exercise of due diligence." Id. The purported facts supporting his habeas claims are that he was in jail on January 1, 2006, and he remained in jail until February 28, 2006; that he was sentenced by the same judge in juvenile court that sentenced him in this case; and that his attorney never told him that there was no physical evidence and no DNA connecting him to the offense. None of these factual allegations qualifies as newly discovered evidence. First, one would reasonably expect Phillips to have known, when he was first questioned by law enforcement in October 2006, that he had been in jail in January and February of 2006. Even if he did not recall the exact dates, he certainly knew enough to know that he had been in jail recently and due diligence

required him to inquire about the matter long ago. Likewise, at the time of his sentencing, when he alleges that the judge indicated that he had not learned his lesson in juvenile court, he knew that she was the same judge. By his own allegation, "I told my attorney at the time . . . this is a conflict." Pet at 7, ECF No. 1. Finally, in discussing the case with his attorney before the plea, Phillips knew what evidence the attorney had discussed with him; Phillips does not allege that his attorney claimed that there was physical evidence. Assuming she said nothing about DNA and physical evidence, Phillips could not reasonably assume that such evidence existed if she said nothing about it. Accordingly, he knew or should have known all these facts no later than entry of the judgment order, if not sooner. Phillips' claim remains untimely under this subsection as well.

Three possible ways exist for a petitioner to avoid the harsh effect of the statute of limitations: Statutory tolling, equitable tolling, or actual innocence. As discussed more fully below, none of these exceptions can save Phillips' untimely petition in this case.

**A. Statutory Tolling**

Section 2244(d)(2) tolls the statute of limitations while "a properly filed application for State post-conviction or other collateral review . . . is pending." If Phillips had filed a state habeas petition before the federal statute of limitations expired in January 2009, this section would have tolled the remaining statute of limitations, so long as the state habeas case was pending. However, Phillips did not file a state habeas petition then or ever.[3] Even

---

[3] Another procedural hurdle to Phillips' current petition is the exhaustion requirement, that his federal constitutional claims be presented to the highest state court before he is entitled to seek federal habeas relief, and the related doctrine of procedural default. 28 U.S.C. § 2254(a); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). By failing to appeal his conviction and failing to file a state habeas petition, Phillips' claims are simultaneously exhausted and defaulted. Coleman v. Thompson, 501 U.S. 722, 732 (1991). Because the statute of limitations issue resolves this petition in favor of the respondent, the court will not discuss the standards for considering such defaulted claims.

7

if he were to file for state habeas now, it would be too late to toll the federal statute of limitations, because that already expired long ago. Wahl v. Kholi, 562 U.S. 545, 547 (2011). Statutory tolling does not save his untimely petition.

### B. Equitable Tolling

The United States Supreme Court has recognized a narrow exception for equitable tolling if the petitioner has pursued his rights diligently and some extraordinary circumstances prevented his timely filing. Holland v. Florida, 560 U.S. 631, 636, 649 (2010). Phillips has not been diligent in pursuing his rights, nor has he shown any extraordinary circumstances that prevented him from timely filing his federal habeas petition.

Diligence required for equitable tolling is "reasonable diligence, not maximum feasible diligence." Id. at 653. This is a "fact-intensive and case-specific" inquiry, which requires a court to assess "the reasonableness of a petitioner's actions in the context of his or her particular circumstances." Lawrence v. Lynch, 826 F.3d 198, 204 (4th Cir. 2016). Phillips sought no relief from any court until eleven years after the statute of limitations expired. There is no evidence that he requested information on dates of his earlier incarceration or took any other action to develop and assert his claim. The final factor showing lack of diligence is that Phillips served his original active sentence, was released from prison, and did not assert any claim until he was incarcerated for his third violation of probation.

Phillips does not claim extraordinary circumstances, nor is there any basis in the record to support such a finding. Rather, Phillips indicates in his reply to the motion to dismiss that he is relying upon his claim of actual innocence, which the court will discuss

8

below. Because Phillips has shown neither diligence nor extraordinary circumstances, equitable tolling does not save his petition.

## C. Actual Innocence

In balancing the "societal interests in finality, comity, and conservation of scarce judicial resources with the individual interest in justice that arises in the extraordinary case," the Court has recognized a "miscarriage of justice exception" to the statute of limitations when a litigant presents <u>new</u> evidence showing that, absent constitutional error, "no reasonable juror would have convicted" the defendant. <u>McQuiggin v. Perkins</u>, 569 U.S. 383, 393–95 (2013). A credible claim of actual innocence must be supported by new reliable evidence, such as exculpatory scientific evidence, critical physical evidence, or trustworthy eyewitness accounts. <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995). As discussed in the introduction to this section, Phillips' evidence is not new evidence, but evidence he knew or should have known at the time of his sentencing. For this reason alone, the actual innocence gateway exception to the statute of limitations does not apply in this case.

Even if the evidence of Phillips' incarceration between January 1 and February 28, 2006, were considered new, it is not evidence that creates a reasonable probability that a jury would return a different verdict. The indictment alleged a date range of "on or about January 1, 2006, through July 31, 2006." Combined with the anticipated testimony that at least one of the events occurred on the air mattress used on their camping trip, after they came home from camping and put the air mattress in the living room, the evidence was still amply support a finding that the abuse occurred in summer 2006, well within the period included in the indictment. Because the date of the crime is not a material element of the

9

offense, as long as the indictment contains the elements of the offense, so that the defendant understands what charges he is defending against, and so that the record can show a sufficient time-frame for a defendant to raise any double jeopardy concerns about a charge, then the indictment is sufficient. Farhoumand v. Commonwealth, 288 Va. 338, 352, 764 S.E.2d 95, 102–103 (2014). Under the charged indictment, the evidence was sufficient to support a conviction because Phillips was not in jail during March, April, May, June, or July 2006, and the evidence offered by Phillips does not change this analysis. He cannot establish a reasonable probability of a different outcome, had there been a trial.

In this case, however, Phillips did not exercise his right to trial, instead choosing to enter a plea agreement and plead guilty to aggravated sexual battery in exchange for the Commonwealth dropping the other two charges. In such a case, to establish the reasonable probability of a different outcome means that the evidence would have made it objectively reasonable for Phillips to reject the plea agreement. Padilla v. Kentucky, 559 U.S. 356, 372 (2010). Phillips cannot make such a showing. The charge of object sexual penetration carried a potential maximum penalty of life in prison.[4] Va. Code § 18.2-67.2. The charge of indecent liberties with a child by a person in a custodial or supervisory relationship carried a potential penalty up to five years. Had Phillips been tried and convicted on all three charges, his sentencing guidelines range would have been approximately three times higher. Under the evidence discussed above, even with the alleged "new" evidence he offers, it would have been objectively unreasonable to risk a life sentence and reject the plea agreement. Because

---

[4] Under Virginia Code § 18.2-67.2(B)(2), when it is alleged in the indictment that an offender was 18 years of age or older at the time of the offense, the sentence is a mandatory life sentence. The count charging object sexual penetration did not mention Phillips' age, but the next count of the indictment did state that he was 18 or over, and this count may well have been amended to add the same language if Phillips had not resolved the case before trial.

the proffered evidence is not new, nor would it be reasonably likely to change the outcome, Phillips cannot avail himself of the actual innocence gateway to avoid the statute of limitations.

### III.

Because Phillips filed his petition eleven years past the deadline, and none of the exceptions to the statute of limitations applies to this case, the court will grant the respondent's motion to dismiss.

Further, when issuing a final order adverse to a § 254 petitioner, the court must issue or deny a certificate of appealability. Fed. R. Gov. § 2254 Cases 11(a). A certificate of appealability may issue only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The movant must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 338 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). In the context of a procedural ruling, the movant must demonstrate both that the dispositive procedural ruling is debatable and that the action states a debatable claim of the denial of a constitutional right. Gonzales v. Thaler, 565 U.S. 134, 140–41 (2012). Phillips has not made such a showing in this case.

**ENTER:** This 16th day of June, 2021.

Michael F. Urbanski
Chief U.S. District Judge
2021.06.16 17:57:04
-04'00'

_____
Chief United States District Judge